IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARY MCMAHAN                                                                                      PLAINTIFF

V.                                                                       CAUSE NO.: 4:11CV081-SA-JMV

TOMMY TAYLOR, ELMORE SELLERS,
PAT CHANDLER, LEE MCTEER,
NURSE WANDA COLLIER, and
OTHER MALE AND FEMALE DOES                                                           DEFENDANT

MEMORANDUM OPINION

Plaintiff filed this suit alleging she was denied medical treatment while in custody at the Bolivar County Correctional Facility (BCCF). Defendants Tommy Taylor, Elmore Sellers, and Wanda Collier filed motions to dismiss and for qualified immunity [11, 14]. While those motions were pending, the Plaintiff filed an amended complaint. The Court has considered Defendants' arguments in light of the Amended Complaint [44]. Because Plaintiff has failed to state a claim against Tommy Taylor and Elmore Sellers, that motion [11] is GRANTED. Plaintiff has surpassed the threshold of refuting Wanda Collier's right to qualified immunity. Therefore, at this stage of the proceedings, Collier's Motion for Qualified Immunity [14] is DENIED.

*Factual and Procedural Background*

Mary McMahan was housed in the BCCF from July 31, 2008 through July 30, 2009. She contends that on July 14, 2009, she was seen by Dr. Leslie Thomas at the Mound Bayou Health Center for a refill of a prescription. At that time, McMahan contends Dr. Thomas noticed Plaintiff's abdomen and advised her that she needed to have other medical tests performed. Dr. Thomas scheduled a follow up appointment for the next week, July 21. Plaintiff asserts that when she informed Nurse Wanda Collier that she needed to make the appointment on July 21,

she was told by the nurse that the only thing wrong with her would "pop out" in about three months. Nurse Collier also allegedly stated that BCCF was not going to pay for the requested medical tests or treatment because Plaintiff was trying to abuse the system. Nurse Collier did not conduct any examination or test to determine Plaintiff's condition. After Plaintiff was released a malignant tumor was found, diagnosed, and removed.

Plaintiff contends she was refused necessary medical treatment by the Defendants. Specifically, Plaintiff notes that Nurse Wanda Collier was deliberately indifferent to Plaintiff's health condition, and that Warden Tommy Taylor and Deputy Warden Elmore Sellers abandoned their responsibility to oversee the medical care of the inmates of BCCF.

Tommy Taylor, Elmore Sellers, and Wanda Collier have moved to dismiss this action against them.

*Motion to Dismiss Standard*

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. Lone Star Fund, 594 F.3d at 387 (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

*Discussion and Analysis*

The qualified immunity defense has two prongs: whether an official's conduct violated a constitutional right of the plaintiff; and whether the right was clearly established at the time of the violation. Manis v. Lawson, 585 F.3d 839, 843 (5th Cir. 2009). A court may rely on either prong of the defense in its analysis. Id. If the defendant's actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were "objectively reasonable" in light of "law which was clearly established at the time of the disputed action." Collins v. Ainsworth, 382 F.3d 529, 537 (5th Cir. 2004) (citations omitted). To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. Brown v. Miller, 519 F.3d 231, 236 (5th Cir. 2008). The unlawfulness of the defendant's actions must have been readily apparent from sufficiently similar situations, but it is not necessary that the defendant's exact acts have been illegal. Id. at 236-37. In essence, a plaintiff must allege facts sufficient to demonstrate that no reasonable officer could have believed his actions were proper. Babb v. Dorman, 33 F.3d 472, 477 (5th Cir.1994).

To proceed with a § 1983 claim for denial of medical treatment under the Eighth Amendment, a prisoner must present evidence that the defendant's conduct amounts to deliberate indifference to his serious medical needs, constituting the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Stewart v. Murphy, 174 F3d. 530, 533 (5th Cir. 1999); see also Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

A prison official violates the Eighth Amendment only when (1) the deprivation alleged is "objectively, sufficiently serious," that is, "a prison official's act or omission must result in the

denial of the minimal civilized measure of life's necessities," and (2) the prison official's "state of mind is one of deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal quotation marks and citations omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Id. at 837, 114 S. Ct. 1970.

1. Warden Tommy Taylor and Deputy Warden Elmore Sellers

Warden Taylor and Deputy Warden Sellers are not medical professionals but merely served as Warden and Deputy Warden of BCCF during McMahan's incarceration there. Plaintiff has not offered evidence that Taylor or Sellers played any personal role in McMahan's treatment or were directly involved in the facts and circumstances giving rise to this lawsuit. See Hampton v. Oktibbeha County Sheriff Dep't, 480 F.3d 358, 365 (5th Cir. 2007) ("A supervisor officer cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability."). Neither is there any evidence that they implemented any sort of policy at the facility that caused McMahan to suffer any constitutional violation and no evidence of any deliberate indifference in that regard. Accordingly, Plaintiff's claims against Taylor and Sellers are dismissed.

2. Nurse Wanda Collier

Plaintiff contends that Nurse Collier denied her medical care by refusing to let McMahan attend her follow up appointment with Dr. Leslie Thomas in July of 2009. Deliberate indifference requires a showing that the official was subjectively aware of and disregarded a risk of serious harm to the inmate. Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (citing Farmer,

511 U.S. at 829, 114 S. Ct. 1970). Notably, a prison official's knowledge of a substantial risk of harm may be inferred if the risk is obvious. Monceaux v. White, 266 F. App'x 362, 366 (5th Cir. 2008). Obvious risks include those that a prison official has noted in the past and made other officials aware of; it also includes disregarding a doctor's orders. Id. (citing Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002).  Like Farmer and Lawson, Dr. Thomas' scheduling of a follow up appointment to run diagnostic tests suggests a known, obvious risk. While deliberate indifference cannot be inferred from a prison official's mere negligence, it can be inferred from nurses who know of but disregard a doctor's orders such as allegedly happened in this case. Lawson, 286 F.3d at 263.

Accordingly, the Court cannot find Nurse Wanda Collier entitled to the defense of qualified immunity at this time because, taking the facts as stated by the Plaintiff as true, Collier disregarded a doctor's orders for a follow-up appointment, which could be a violation of Plaintiff's Eighth Amendment right to medical treatment.  This action was not objectively reasonable in light of binding Fifth Circuit precedent.  See Lawson, 286 F.3d at 263 (finding evidence of deliberate indifference where jail nurses knew of the inmate's medical needs but ignored doctors' explicit treatment orders to meet those needs).

*Conclusion*

Plaintiff has failed to state a claim for deliberate indifference against Warden Tommy Taylor or Deputy Warden Elmore Sellers.  Therefore, all claims against those two defendants are dismissed.

Taking the facts in the Plaintiff's amended complaint as true, as the Court must, Nurse Wanda Collier is not entitled to the defense of qualified immunity at this stage of the proceedings.

5

SO ORDERED, this the 7th day of March, 2013.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**